UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HASSAN MOHAMED ALI SALEM, *et al.*,

                Plaintiffs,

v.

MICHAEL RICHARD POMPEO, *et al.*,

                Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

19-cv-363 (LDH) (CLP)

LASHANN DEARCY HALL, United States District Judge:

Saddam Ali Alradai, *et al.*, ("Plaintiffs") bring this action against Michael Richard Pompeo, *et al.*, ("Defendants"), alleging violations of their constitutional rights and the Administrative Procedure Act ("APA").

## BACKGROUND

Plaintiffs are U.S. citizens seeking U.S. passports and Consular Reports of Birth Abroad ("CBRA") at the U.S. Embassy in Djibouti. (Compl. ¶ 1, ECF No. 1.) All first-time U.S. passport applicants living abroad must appear at a U.S. embassy or consulate and submit to an in-person interview to verify their identity, assess their credibility, and determine the reliability of documents submitted in connection with their applications. (Report and Recommendation ("R&R") at 2, ECF No. 173.) The U.S. Embassy in Djibouti issued a policy in November 2018 ("November 2018 Policy") that prohibited the presence of attorneys during U.S. passport and CRBA interviews, based on claims that attorney participation had interfered with the consular officers' ability to elicit information needed to adjudicate applications. (R&R at 3) (citing Certified Administrative Record at 618, ECF No. 101-1.) In February 2019, the November 2018 Policy was rescinded and replaced with a new policy ("February 2019 Policy") that allowed attorneys to be present but continued to restrict their roles during the interviews. (R&R at 3) (citing February 2019 Policy, ECF No. 40-4.) For example, the February 2019 Policy prohibited

1

attorneys from engaging in legal argument, objecting to a consular officer's questions, objecting to or insisting on an interpreter in the interviews, summarizing or attempting to clarify an applicant's answer, and interrupting or instructing the applicant not to answer the officer's questions. (*Id.*) Plaintiffs scheduled their respective interviews, and after arriving to the embassy, were informed that counsel could not accompany them into their interviews. (Compl. ¶¶ 2–5.) This action ensued. According to Plaintiffs, the inability to have counsel present during the embassy interviews violates their due process rights. (*Id.* ¶ 9.)

On January 8, 2020, the Honorable Sterling Johnson, Jr., denied the motion for preliminary injunction and partially granted Defendants' motion to dismiss, leaving two causes of action: (1) the alleged violation of Plaintiffs' statutory right to counsel under 5 U.S.C. § 555(b); and (2) the alleged violation of plaintiffs' Fifth Amendment Procedural Due Process rights. *Salem v. Pompeo*, 432 F. Supp. 3d 222, 237–39 (E.D.N.Y. 2020). Judge Johnson further found that the November 2018 Policy "barring attorneys entirely from attending passport and CRBA interviews violates due process." *Id.* at 238. However, Judge Johnson reserved decision on whether the limits placed on attorney participation in the February 2019 Policy also violate due process. *See id.* at 235, 238–39.

After settlement talks reached an impasse, the State Department began the process of notice and comment rulemaking in an effort to develop a rule addressing the issues. (R&R at 4.) On June 12, 2023, Defendants filed a motion for voluntary remand (Mot. Remand, ECF No. 163), asking the Court to allow the State Department to address the issues raised in the November 2018 and February 2019 Policies concerning attorney attendance at consular interviews, and to issue a new rule under the APA that would describe the parameters of attorney attendance in a federal regulation to be applied worldwide. (R&R at 4–5) (citing Mem. L. Mot.

Remand at 7, ECF No. 164.) On August 27, 2023, the government submitted a letter informing the Court that the State Department had issued a Notice of Proposed Rulemaking, along with the proposed rule, that states in relevant part:

> A person appearing for a passport appointment at a passport agency or center domestically or a U.S. embassy or consulate overseas or for a [CRBA] appointment overseas may be physically accompanied by a private attorney, interpreter, and/or other third party of their own choice at their own expense to provide assistance.

(*Id.* at 5) (citing Third-Party Attendance at Appointments for Passport, CRBA, and Certain Other Services ("Proposed Rule"), 88 FR 48143-01.)

Upon referral from this Court, Magistrate Judge Cheryl L. Pollak issued a report and recommendation ("R&R") on November 21, 2023, recommending that Defendants' motion for voluntary remand be denied. Specifically, Judge Pollak found the Proposed Rule "does not explicitly allow for any participation by the attorney, only their physical presence." (*Id.* at 11.) As such, "it is subject to all the critiques [P]laintiffs have raised with respect to the February [2019] Policy," and remand would be futile "where, as here, the agency has already promulgated a proposed rule which does not address plaintiffs' claims." (*Id.* at 11–12.) Defendants timely objected on January 25, 2024. (Mem. L. Supp. Defs.' Objs. R&R ("Defs.' Objs."), ECF No. 184.) Plaintiffs responded to Defendants' objections on March 4, 2024. (Pls.' Resp. Opp. Defs.' Objs. ("Pls.' Mem."), ECF No. 187.) For the reasons stated below, the Court adopts the R&R as the opinion of this Court.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. *Id.* Where

3

there are no objections to portions of the report, the Court "'need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

Defendants object to the R&R on grounds that Judge Pollak failed to distinguish the Proposed Rule from the February 2019 Policy, remand would allow for completion of notice and comment rulemaking for the Proposed Rule, remand is appropriate even if the Court views Plaintiffs' due process claims as arising under the constitution and not the APA, and remand would be the most effective use of resources. (Defs.' Objs. at 11–18.) The Court addresses each objection in turn.

### A. The Proposed Rule Compared to the February 2019 Policy

Defendants argue the R&R erred in failing to acknowledge meaningful differences between the February 2019 Policy and the Proposed Rule, and by improperly using "Plaintiffs' broad stroke criticisms" as a measure for evaluating those differences. (*Id.* at 12.) In particular, Defendants argue that inclusion of the clause reading "to provide assistance" necessarily allows attorneys "not only to attend the appointment but gives them liberty to provide assistance subject only to the security directives, guidelines, and protocols of the consulate or embassy," contrast to the "stricter" mandates of the February 2019 Policy. (Defs.' Mem. at 14.) The Court disagrees.

In relevant part, the February 2019 Policy states "attorneys may not engage in any form of legal argumentation during the appointment interview and before the consular officer," "[a]ttendees other than a parent or guardian accompanying a minor child may not answer a consular officer's question on behalf or in lieu of an applicant, nor may they summarize, correct,

or attempt to clarify an applicant's response, or interrupt or interfere with an applicant's responses to a consular officer's questions," "[n]o attendee may coach or instruct applicants as to how to answer a consular officer's question," and "attendees may not object to a consular officer's question on any ground." (February 2019 Policy at 1–2.)

Meanwhile, the Proposed Rule states:

> A person appearing for a passport appointment at a passport agency or center domestically or a U.S. embassy or consulate overseas or for a [CRBA] appointment overseas may be physically accompanied by a private attorney, interpreter, and/or other third party of their own choice at their own expense *to provide assistance*.

(emphasis added).

Despite inclusion of the clause reading "to provide assistance," the Proposed Rule does not expressly confer the rights Plaintiff seek in this lawsuit—namely to be *represented* in embassy interviews and receive the full procedural protections that come therewith. (*See* Compl. ¶¶ 64, 71, 97, 108, 112.) If the Proposed Rule conferred the right to legal representation, as Defendants maintain, then it would presumably include express language defining the scope of representation. Take, for example, regulation from the Department of Homeland Security ("DHS") defining the right to attorney representation during asylum interviews. 8 CFR § 208.9 ("Procedure for interview before an asylum officer.") DHS policy expressly provides that, once the asylum interview concludes, counsel of record "will have an opportunity to make a statement or comment on the evidence presented" and "ask follow-up questions of the applicant and any witness." 8 CFR § 208.9(d)(1). In contrast to those clear parameters, the Proposed Rule simply states that attorneys may be physically present during embassy interviews "to provide assistance," which reads far too vague for the Court to conclusively find that it resolves Plaintiffs' claims. As written, the Proposed Rule could plausibly be read as allowing attorneys to

attend embassy interviews, but limiting their ability to provide any assistance until only *after* the interview has concluded. As such, the Proposed Rule contains the same constitutional infirmities that Plaintiffs identify in the February 2019 Policy. *See Salem*, 432 F. Supp. 3d at 234–35 ("While the February Policy does allow attorneys to attend their clients' interviews, it by no means restores the role of attorneys to Embassy Djibouti's pre-November modus operandi as Plaintiffs request" because "attorneys may not object or engage in any legal argumentation before the consular officer, they may not clarify, summarize, or respond to any of the consular's questions, the applicant cannot seek guidance from his/her attorney during the interview, attorneys may not bring interpreters for their own or their clients' understanding[.]"). The Court rejects this objection.[1]

### B. The Notice and Comment Period

Defendants next object on grounds that the State Department is currently engaging in notice and comment rulemaking regarding the topics at issue in this litigation. (Defs.' Objs. at 16.) As such, Defendants maintain it would support the interests of judicial economy to allow the rulemaking process to complete, rather than having the Court weigh on potentially stale policy that might be revised. (*Id.*) While the Court is certainly mindful of judicial resources and the risk of duplicative litigation, a request for voluntary remand may be granted "only when the agency intends to take further action with respect to the original agency decision on review," otherwise remand may function "as a dismissal of a party's claims." *Limnia, Inc. v. United States Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017) (emphasis omitted).

---

[1] Without citing to any specific portion of the R&R, Defendants further argue that it reads the "physically accompanied" language in the Proposed Rule "to suggest a limitation on attorney participation." (Defs.' Objs. at 14.) Yet, the R&R does not read that clause as an express limitation on the role of an attorney—instead, it notes how the physical presence clause is insufficient in addressing Plaintiffs' claims. (R&R at 11) (acknowledging the physical presence clause in the Proposed Rule but nonetheless finding that, without more, the Proposed Rule "fails to address the other concerns raised by plaintiffs in this case").

The Court cannot accept Defendants' theory that any final rule might address Plaintiffs' claims when the starting point, the Proposed Rule, clearly fails to do so. Nor is it guaranteed a final rule will even be adopted. (*See* Defs.' Mem. at 16) (acknowledging the State Department is "considering a *potential* final rule on the topic") (emphasis added). Moreover, even if a final rule on this topic is adopted, the Court is left only to speculate whether it would cure the constitutional infirmities alleged by Plaintiffs. *See Lutheran Church-Missouri Synod v. FCC*, 141 F.3d 344, 349 (D.C. Cir. 1998) (declining request for voluntary remand premised on a prospective policy statement that did "not bind the [agency] to a result in any particular case," and it was not apparent how the policy statement would affect the plaintiff). As such, the Court rejects this objection.

### C. Due Process Claims

Defendants further object because Plaintiffs' due process claims arise under the APA and not the constitution, thus remand to the State Department is required. (Defs.' Objs. at 16–17.) The Court disagrees. Based on a plain reading of the complaint, Plaintiffs allege violations of Fifth Amendment due process. (Compl. ¶¶ 58–69.) In fact, in reviewing the request for a preliminary injunction, Judge Johnson expressly found the November 2018 Policy to violate due process. *Salem*, 432 F. Supp. 3d at 238 (finding "that the Governments' policy barring attorneys entirely from attending passport and CRBA interviews violates due process"). Plaintiffs maintain the same is true with the February 2019 Policy. (Compl. ¶¶ 58–69, 78–102.) As such, because Plaintiffs' constitutional rights are at issue, the Court declines to remand based on the APA. *See Carr v. Saul*, 141 S. Ct. 1352, 1360 (2021) (noting it is "appropriate for courts to entertain constitutional challenges to statutes or other agency-wide policies even when those challenges were not raised in administrative proceedings"); *Califano v. Sanders*, 430 U.S. 99,

109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions"). The Court rejects this objection.[2]

### D. Efficiency of Resources

Finally, Defendants object on grounds that remand would be the most effective use of the Court and the government's resources. (Defs.' Objs. at 17–18.) This argument appears duplicative of Defendants' second objection, rejected by this Court, in which Defendants argued that remand "would support the interests of judicial economy." (Defs.' Objs. at 16.) In any event, the Court disagrees that remand would promote efficiency. As discussed, Plaintiffs complain of constitutional violations that are best resolved by the court, rather than the agency. *See Carr*, 141 S. Ct. at 1360; *Califano*, 430 U.S. at 109. Remanding at this stage would leave Plaintiffs' constitutional claims unresolved, and pending the language of any final rule, might result in Plaintiffs returning to federal court. The Court rejects this objection.[3]

## CONCLUSION

For the foregoing reasons, Magistrate Judge Cheryl L. Pollak's R&R is ADOPTED as the opinion of this Court, and Defendant's motion for remand is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       March 31, 2024      LaSHANN DeARCY HALL
                           United States District Judge

---

[2] The Court acknowledges that, in addition to their constitutional claims, Plaintiffs also bring claims under the APA. Nonetheless, the Court exercises its discretion in denying remand as to related those claims. *See Limnia*, 857 F.3d at 381 ("A district court has broad discretion to decide whether and when to grant an agency's request for a voluntary remand.").

[3] Defendants cite to *N. Air Cargo v. USPS*, 674 F.3d 852 (D.C. Cir. 2012), for the proposition that "[w]hen a district court . . . determines that the agency acted unlawfully, ordinarily the appropriate course is simply to identify a legal error and then remand to the agency[.]" (Defs.' Objs. at 18.) Perhaps so where one's claims arise exclusively under agency regulation, like in *N. Air Cargo*, but as discussed above, Plaintiffs here assert claims under the constitutional that are best resolved by the Court.