UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HASSAN MOHAMED ALI SALEM, et al.,

        Plaintiffs,

-against-

MICHAEL POMPEO, et al.,

        Defendants.

**MEMORANDUM AND ORDER**
19-cv-363 (LDH) (CLP)

LaSHANN DeARCY HALL, United States District Judge:

Plaintiffs Qahtan Hussein Salahi, Alanood Tamah, Moyda Alawi, and Ghadah Saleh Al-Ammari are either United States citizens or lawful permanent residents. (Mot. Prelim. Inj. at 12–15, ECF No. 194-1.) Plaintiffs request a preliminary injunction to enjoin the United States Department of State to, *inter alia*, grant admittance to all attorneys licensed in the United States to appear on behalf of United States citizens and lawful permanents in any United States Embassy or Consul. (*Id.* at 15.)

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972, (1997)). To obtain a preliminary injunction, a moving party must meet four requirements: (1) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (2) likelihood of success on the merits; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by relief. *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citing *Salinger v. Colting*, 607

F.3d 68, 79–80 (2d Cir. 2010)). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). Given the importance of a showing of irreparable harm, the Court need not reach any of the other requirements necessary to grant injunctive relief where it has not been demonstrated. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). "To satisfy the irreparable harm requirement, [plaintiffs] must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* The harm suffered "must be so imminent as to be irreparable if a court waits until the end of trial to resolve the harm." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 235 (2d Cir. 1999).

A different set of plaintiffs in this case previously raised a preliminary injunction with Judge Johnson. (*See* ECF No. 68.) The plaintiffs sought to enjoin the Embassy of Djibouti from restricting the right to counsel during passport interviews. (*Id.* at 25.) Plaintiffs argued that they would suffer irreparable harm absent a court order enjoining the no-attorney policy due to the "risk of future psychological harm stemming from verbal abuse by Consular Officers as well as monetary, educational, and health harms stemming from being denied U.S. passports and [Consular Reports of Birth Abroad ("CRBA")] while they remain in Djibouti without proper domiciles, family ties, or sense of security." (*Id.* at 25–26.) Judge Johnson denied the request for a preliminary injunction. "Most importantly," Judge Johnson observed that "attorneys are no

longer barred from attending their clients' CRBA or Passport interviews pursuant to the current State Department policy." (*Id.* at 26.) That fact diminished the plaintiffs' claim of irreparable harm because "[a]s Plaintiffs's [*sic*] counsel has suggested, extreme mistreatment by Consular Officers is far less likely to occur in the presence of an attorney." (*Id.*) Moreover, the record reflected that many of the plaintiffs had Passport or CRBA interviews free from "instances of misconduct or verbal abuse." (*Id.* at 26–27.)

Here, Plaintiffs' showing of irreparable harm is even more wanting. Plaintiffs assert that, absent the requested injunction, they each face significant personal emergencies. (Mot. Prelim. Inj.at 19–20.) Plaintiffs claim that Mr. Salahi's minor children "would not be able to attend school, will be forced to live with strangers, will not receive health care, or live with their parents," Ms. Tamah's mother and sister are unable to receive critical medical treatment, and that Ms. Alawdi and Ms. Al-Ammar face threats by abusive partners and will go unprotected by the laws of Eqypt and Yemen. (*Id.*) However unfortunate these circumstances may be, there is not a sufficient nexus between attorney representation at Embassy and Consular interviews and the harm that Plaintiffs raise. Indeed, each of the purported harms that Plaintiffs raise would necessarily result from the denial of their respective applications rather than the denial of any legal representation at an interview. Without a showing that these harms are connected in any way to a denial of legal counsel, Plaintiffs' showing of irreparable harm is deficient.[1] And, where Plaintiffs previously alleged harms that could reasonably be said to result from a lack of attorney participation in their interviews, such as "verbal abuse, false accusations of wrongdoing,

---

[1] The Court appreciates that Judge Johnson denied the previous motion for preliminary injunction in large part because attorneys were no longer barred from attending embassy interviews and that Plaintiffs here assert that legal representation is being denied to them. Nevertheless, the harm that Plaintiffs assert here lacks a sufficient nexus to the provision of the legal representation they seek.

3

and denials of interpreters," (ECF. No. 68, at 6), Judge Johnson found that the plaintiffs' alleged harms were still too speculative and likely not preventable by a preliminary injunction. Had Plaintiffs made similar allegations here, the Court would have found the same. Plaintiffs' motion for a preliminary injunction is denied.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motions for a preliminary injunction and for a TRO are both DENIED.

                                                                SO ORDERED.

Dated: Brooklyn, New York                       /s/ LDH
       May 23, 2024                                LASHANN DEARCY HALL
                                                           United States District Judge

---

[2] In addition to failing to make a showing of irreparable harm, the Court notes that the scope of the relief Plaintiffs seek far exceeds the wrongs they allege. In addition to an order requiring the United States Department of State to grant attorney admittance to all United States Embassies and Consuls for any type of application, adjudication, interview or interrogation, Plaintiffs request that the Court order the State Department

> to release all surveillance video from the front of the US Embassy Cairo and the Exit doors from May 15, 2024 beginning 7:50 Egyptian time to 9:50am[,] . . . to post this order to US embassies worldwide, provide and train all local security and staff on the right to attorney representation to avoid any further miscommunications, misunderstanding or further mistakes[,] . . . to issue the Salahi Children emergency passports and have them ready for pick up at the embassy outside the window by Tuesday, May 21, 2024 at 6pm, Cairo time[,] . . . to reschedule US Citizen Samera Tamah's and mother's I-130 appointment and sister's US passport appointment within 1 week from May 22, 2024, and adjudicate the I-130/Immigrant Visa and US passport application within 2 weeks after the application and interview is completed[,] . . . to reschedule Lawful Permanent Resident and Domestic Violence victim, Modya Mahyoub Alawadi within 1 week, from May 22, 2024, and adjudicate the SB-1 within 2 weeks after the application and interview is completed[,] . . . [and] to reschedule Lawful Permanent Resident and Domestic Violence victim, Ghadah Saleh Al-Ammari within 1 week, from May 22, 2024, and adjudicate the SB-1 within 2 weeks after the application and interview is completed.

(Mot. Prelim. Inj. at 16–17.) Plaintiffs do not explain how a preliminary injunction granting this relief would avoid their claimed harms.

4